IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LE'MON BASS,**<br><br>              **Plaintiff,**<br><br>v.<br><br>**UNION PACIFIC RAILROAD COMPANY,**<br><br>              **Defendant.** | Case No. 22-CV-01217-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Le'Mon Bass filed this action on June 9, 2022 seeking to recover for alleged discrimination and retaliation against him by his former employer, Defendant Union Pacific Railroad Company. (*See* Doc. 1). The Court granted Union Pacific's Motion for Summary Judgment and dismissed the case with prejudice on June 26, 2024. (Doc. 54).

Now pending before the Court is the Bill of Costs filed by Union Pacific on July 23, 2024. (Doc. 56). In that filing, Union Pacific seeks to recover $5,773.44 for court reporter, deposition transcript, and video recording fees associated with Bass's deposition as well as for costs associated with obtaining and copying records for Union Pacific's defense. (*See id.*).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court

discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

Bass timely filed his objections to the Bill of Costs on August 6, 2024, arguing that the amount of fees should be reduced to $2,920.15. (Doc. 58). In the objection, Bass shaved fees for things like an hourly attendance fee that he claims is over the seven-hour limit for depositions, supplemental surcharges, and videotaping depositions. (*Id.*).

Costs do not include all litigation expenses. Rather, costs are particular statutorily defined categories of incurred charges worthy of reimbursement. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 655 (7th Cir. 1981). 28 U.S.C. § 1920 sets forth the categories of expenses which properly may be taxed, including:

1) Fees of the clerk and marshal;
2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3) Fees and disbursements for printing and witnesses;
4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5) Docket fees under [S]ection 1923 of this title;
6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [S]ection 1828 of this title.

First, the Seventh Circuit has issued clear guidance indicating that a prevailing party can be awarded costs for both video recording and stenographic transcriptions of a deposition. *See, e.g., Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). Additionally, while Plaintiff Bass is correct that a

deposition itself is limited to a single 7-hour day, presumably a court reporter will need time over the 7 hours to set up and pack up his or her equipment, etc. Plaintiff does not cite any caselaw in support of this proposition.

Plaintiff's citation to *Neville v. Gershman*, No. 21-CV-131-RJD, 2024 WL 1254570 (S.D. Ill. Mar. 25, 2024) is unavailing. (*See* Doc. 58, p. 2). In that case, "Defendant made no effort to explain to the Court why it was necessary to obtain both a printed copy of the transcript and to record via video Dr. DeGrange's deposition." *Gershman*, 2024 WL 1254570, at *4. Defendant Union Pacific has stated clear reasons for why they chose to record Defendant Bass's deposition on video, including assessing his credibility and for use as impeachment evidence. (*See* Doc. 56, pp. 2–3). Both *Avanzalia Solar, S.L. v. Goldwind USA, Inc.*, No. 20 C 5035, 2023 WL 5804232 (N.D. Ill. Sept. 7, 2023) and *Nwoke v. Univ. of Chi. Med. Ctr.*, No. 16 C 9153, 2020 WL 7350626 (N.D. Ill. Nov. 16, 2020), *aff'd as modified*, No. 20-2242, 2021 WL 3483434 (7th Cir. Aug. 9, 2021) are distinguishable (and are not precedent in this Court). The former involves the specific situation where the deponents were "outside of the Court's subpoena power," *Avanzalia Solar*, 2023 WL 5804232, at *5, and the latter involved a case "nowhere near the trial stage." *Nwoke*, 2020 WL 7350626, at *2. Just because video depositions were necessary in *Avanzalia Solar* does not mean that video depositions were unnecessary here.

Regarding the additional "unexplained amounts on the bill," (Doc. 58, pp. 1–2), the Court declines to exclude the "Supplemental Surcharges," "Attendance – Non-Standard," "Litigation Package," "Logistics & Processing," "Veritext Virtual," and "Hosting & Delivery" fees from the recoverable balance. (Doc. 56, Ex. B, p. 1). The

disputed charges are sufficiently identifiable—all are associated with the processing and secure delivery of the encrypted video files, which was required to safeguard the confidential information provided by Plaintiff Bass in his deposition.

Accordingly, based on the submissions of the parties and on the Court's findings, Plaintiff Le'Mon Bass's objection is **OVERRULED**. Defendant Union Pacific Railroad Company's Bill of Costs (Doc. 56) is **ACCEPTED**. The Clerk of Court is **DIRECTED** to tax Plaintiff Bass in the amount of $5,773.44.

**IT IS SO ORDERED.**

**DATED: August 22, 2024**

**s/ *Stephen P. McGlynn***
**STEPHEN P. McGLYNN**
**U.S. District Judge**